RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE  6/4/07
BY  JOB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN SISK | CIVIL ACTION NO. 06-2396 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| UNITED STATES, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a motion to dismiss, **doc. # 52,** filed by defendants, the United States, the Department of Justice, the Federal Bureau of Investigation, the Attorney General of the United States, U. S. Senators David Vitter and Mary Landrieu, and U. S. Representative Rodney Alexander. The motion has been referred to me for report and recommendation.

Having been denied custody of his young son by both Louisiana and California courts, plaintiff Sisk, a former member of the bar of Louisiana and California who appears pro se, apparently frustrated and angry because of his loss, has filed this suit against the United States, California, Louisiana, U. S. District Judges R. Gary Klausner, Tom Stagg, and Richard Haik, California state Judge Margaret Johnson, Louisiana district court Judge Alvin Sharp, U. S. Attorney General Alberto Gonzales, U. S. Senators David Vitter and Mary Landreau, U. S. Congressman Rodney Alexander, and Louisiana Governor Kathleen Blanco.

Sisk alleges that defendants have committed fraud and have

violated the provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1951 *et seq.*, through a vast conspiracy to deprive him of his son in an effort to silence him as to judicial misconduct in the state and federal courts in California and Louisiana. He further alleges that the Attorney General, the United States, Governor Blanco, Senators Landreau and Vitter, and Congressman Alexander have failed to stop the alleged misconduct.

This motion asserts that the suit is barred as to the moving defendants.

## Motion to Dismiss

In considering a motion to dismiss, the court must assume the truth of factual allegations of the complaint and liberally construe them in favor of the plaintiff. Nicastro v. Clinton, 882 F.Supp. 1128, *affirmed* 84 F.3d 1446. The complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Strother v. Southern California Permanente Medical Group. 79 F.3d 859 (9th Cir. Cal. 1996). In deciding the motion to dismiss, the function of the district court is to test the legal sufficiency of the complaint. City of Toledo v. Beazer Materials and Services, Inc., 833 F.Supp. 646 (N.D. Ohio 1993).

2

Analysis

1. Service of process

The complaint was filed in this case on December 27, 2006 and summonses issued on December 29, 2006 to these defendants. The service of process was made by plaintiff himself on an alleged agent for the United States, the Department of Justice and the Attorney General. Service on Senator Vitter was made by plaintiff on an employee in Vitter's Monroe, Louisiana office. Service on Representative Alexander was made by delivering it to his office assistant in Monroe, Louisiana. Senator Landrieu received a copy at her Wahington D. C. office but the method is unclear. The attempted service on all except perhaps Senator Landrieu was made by plaintiff, Mr. Sisk. FRCP Rule 4 (c)(2) provides that service may be made only by a person who is not a party to the litigation. Here service was attempted by Mr. Sisk, who is a party. Therefore service was defective.

Further, where service is attempted on an employee of the United States, the U. S. Attorney must be served and the Attorney General must be served by registered or certified mail. There is no evidence in the record that either requirement was met in this case as to any of the moving defendants.

Further, there is no evidence that plaintiff complied with the provisions of 18 U.S.C. 1965(b) which requires that the U. S. Marshal serve the summons on any out of district defendant such as

3

Case 3:06-cv-02396-DDD-JDK   Document 64   Filed 06/04/07   Page 4 of 6 PageID #: 739

the Attorney General.

Without proper service, this court is without jurisdiction over the defendants and cannot proceed. <u>Murphy Brothers, Inc., Michetti Pipe Stringing, Inc.</u>, 119 S. Ct. 1322 (1999). This court has no personal jurisdiction over these defendants and service of process was defective.

  2. Sovereign Immunity.

The United States and its agencies, officers and employees may not be sued for money damages without specific statutory consent. <u>U. S. v. Shaw</u>, 60 S. Ct. 659 (1940); <u>U.S. v. Sherwood</u>, 61 S.Ct. 767 (1941). <u>Houston Community Hospital v. Blue Cross</u>, 481 F.3d 265 (5th Cir., 2007). Plaintiff has not shown that the United States has consented to suit, that is that it has waived its defense of immunity. Plaintiff has not directed the court to any provision contained in the RICO statutes or otherwise providing consent to suit against these defendants in this case.

  3. Official immunity.

The judicially created doctrine of official immunity protects federal officials from civil suits arising out of actions taken in the performance of their official duties and responsibilities. <u>Williams v. Brooks</u>, 945 F.2d 1322, 1327 (5th Cir. 1991). Officials of the United States "should be free to exercise their duties unembarrassed by the fear of damage suits in respect to acts done in the course of their duties. * * * " See <u>Barr v. Matteo</u>, 79 S.Ct.

4

1335, 1339 (1959).

Official immunity bars this action against these defendants.

4. Legislative immunity.

Sisk's claims that the Senators and Representative failed in their duty to assist him by stopping the alleged corruption, if arising from legislative duties, are barred by the immunity granted them by the Speech and Debate Clause of the Constitution of the United States. Art. I, Sec. 6, cl.1. See <u>Eastland v. United States Serviceman's Fund</u>, 95 S. Ct. 1813 (1975), <u>Doe v. McMillan</u>, 93 S.CT. 2018 (1973).

5. RICO standing, failure to state a RICO claim and venue as to the individual defendants

Because I find that service of process was never made on the defendants, that all defendants are entitled to sovereign immunity and that the Attorney General, Senators and Representative are entitled to Official immunity, and the Senators and Representative to legislative immunity, it is unnecessary to consider their substantive arguments that plaintiff has no standing to make a RICO claim and, in any event, has failed to make such a claim or to consider the argument that venue is improper as to those individual defendants.

For the foregoing reasons IT IS RECOMMENDED that defendants' motion to dismiss be GRANTED and that the claims against the United States, the Department of Justice, the Attorney General, Senators

5

Vitter and Landrieu, and Representative Alexander be DISMISSED with prejudice

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 4th day of June, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE