

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| **JOHN SISK** | **CIVIL ACTION NO. 06-2396** |
| **versus** | **JUDGE DRELL** |
| **UNITED STATES OF AMERICA, ET AL** | **MAGISTRATE JUDGE KIRK** |

## MEMORANDUM RULING

Before the court are several purported filings by plaintiff, John Sisk ("Sisk"), which we examine herein to determine whether or not these filings should be entered into the record and, additionally, whether or not United States District Judge Dee D. Drell should be recused from presiding over this case in the future. For the reasons expressed below, this court finds that Sisk's purported pleadings are deficient and should not be filed into the record. We also find that there exists no just cause for the future recusal of Judge Drell from this case.

## I.    BACKGROUND

Plaintiff filed the instant suit on December 27, 2006. His complaint alleged violations of 18 U.S.C. § 1961, et seq., the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and/or fraud committed by various defendants named therein.[1] Among the defendants named in plaintiff's complaint are one hundred John Doe defendants ("John Does 1 - 100").[2] This suit

---

[1]Complaint [R. 1].

[2]Id., at ¶ 1, p. 2.

1

was originally assigned to United States District Judge Robert G. James and United States Magistrate Judge Karen L. Hayes.  Both Judge James and Magistrate Judge Hayes recused themselves from this case because the complaint named, as defendants, United States Chief District Judge Richard Haik and United States District Judge Tom Stagg.[3]  The case was referred to Chief Judge Haik for reassignment and, on January 9, 2007, was reassigned to Judge Drell.[4]

Beginning in April of 2007, plaintiff began filing motions to substitute parties designated in the complaint as Doe defendants.  Four such motions were filed, seeking substitution of Judge Larry Lolley,[5] Judge Benjamin Jones,[6] Clerk of Court Bill Hodge,[7] Judge Charles Peatross,[8] Judge Gay Gaskins,[9] and Magistrate Judge James Kirk.[10]  Each of these motions were denied.[11] Plaintiff filed two motions seeking "written reasons" for the court's denial of his several motions to substitute parties.  The court issued a ruling and order denying these motions and asserting its rights pursuant to LR 72.1M and W of the Uniform District Court Rules and 28 U.S.C. §

---

[3]Orders dated January 4, 2007 by Judge James [R. 7] and Magistrate Judge Hayes.

[4]Order of reassignment [R. 9].

[5]Motion to substitute party [R. 50] filed April 23, 2007.

[6]Motion to substitute party [R. 58] filed May 11, 2007.

[7]Id.

[8]Motion to substitute party [R. 62] filed June 4, 2007.

[9]Id.

[10]Motion to substitute party [R. 72] filed June 29, 2007.

[11]Orders dated June 4, 2007 and June 5, 2007 signed by Magistrate Judge Kirk; Order [R. 77] dated July 9, 2007 signed by Judge Drell.

2

636(b)(1)(A).[12] This ruling and order also contained cautionary instructions by the court concerning Sisk's "opprobrious" violations of Fed. R. Civ. P. 11.[13]

Plaintiff subsequently filed a response to the court's ruling and order in which he accused Judge Drell of various collusive and unjust acts relating to the administration of his case.[14] Upon receipt and consideration of this response, the court issued an order instructing the Clerk of Court to refuse any further filings by plaintiff in this case unless plaintiff has sought and been granted specific leave of court to file such pleading.[15]

On or about August 24, 2007 plaintiff utilized the drop box located at the federal district court in Monroe, Louisiana to "file" two purported pleadings: one which sought to substitute Judge Drell and Magistrate Judge Robert Shemwell for John Does named in the complaint and another which sought an extension of time to effect service on defendant Judge Margaret Johnson and John Does 1 - 100. Plaintiff also deposited a letter to Dan Foster, an employee of the United States Department of Justice into this drop box.[16]

Upon learning of plaintiff's purported filings and, specifically, of his attempt to name Judge Drell as a defendant to this suit, the court issued an order of recusal, which resulted in the

---

[12]Ruling and Order [R. 99] issued July 25, 2007, at p. 2.

[13]Id., at pp. 2 - 5. The court notes that plaintiff is serving as his own counsel and has signed/authored each of the pleadings and purported filings in this case. The court also notes that plaintiff was, at one time, an attorney admitted to practice in the State of Louisiana. See Id., at n.1.

[14]Response [R. 103].

[15]Order [R. 107].

[16]Plaintiff's two purported filings and letter are attached hereto.

presentation of these issues to the undersigned for review and determination.[17]  Specifically, the undersigned must determine whether plaintiff's purported filings should be lodged in the record and, based on the status of those purported filings, whether or not Judge Drell should be recused from presiding over further proceedings in this case.

## II.   Analysis of Applicable Law

### A.   Protective Order

On August 1, 2007 the court issued an order instructing the Clerk of Court to refuse any further filings by plaintiff in this case unless plaintiff first sought and obtained specific leave of court.[18]  Before issuing this protective order, the court provided plaintiff with notice that the court disliked the unprofessional and abusive language of his pleadings and reminded him of his obligation to comply with Fed. R. Civ. P. 11.[19]

We have reviewed many of the pleadings referenced in the court's warning order and hereby attest to their inappropriate and uncivil nature.[20]  Under the facts and circumstances of this case, we find that the protective order issued by the court was proper and was not overly broad or oppressive to plaintiff in the prosecution of this case.[21]  The court's order did not diminish plaintiff's access to judicial notice of law or argument; it merely required  plaintiff to

---

[17]Order [R. 122] issued September 13, 2007 by Chief Judge Richard T. Haik.

[18]Order [R. 107] issued August 1, 2007.

[19]Ruling and order [R. 99] issued July 25, 2007, at p. 2.

[20]See, for example, R. 103.

[21]See Committee on Codes of Conduct, Published Advisory Opinion No. 103: "Recusal Considerations Arising from Harassing Claims Against Judges."

seek leave of court in order to make a filing. The obvious purpose of this order was to encourage plaintiff's future professionalism and civility in pleadings before the court. It is not only the right, but the duty of the court to encourage decorum among litigants and to oversee the just exercise of law and argument.[22] Plaintiff has certainly abused both law and argument and, thus, we find the court's protective order necessary and proper in this case.

Plaintiff neither sought, nor was granted specific leave to file any of the purported filings he deposited in the drop-box on August 24, 2007. Given our findings with respect to the order of the court requiring such leave, we find that the pleadings at issue are improper and should not be lodged in the record of this case.

### B.      *Improper Substitution of Defendants*

Plaintiff's complaint names, as defendants, John Does 1 - 100 and describes these unknown parties as "...employees of defendant United States and/or on of its individual states...acting in accordance with and pursuant to the directions of their employers."[23]

The use of John Doe defendants is a well-recognized mechanism for asserting a cause of action existing against defendants whose identity, while sought, is not yet known. The Supreme Court of Louisiana considered the issue of whether or not relation back of a substituted defendant for a previously named John Doe defendant was proper in Ray v. Alexandria Mall.[24] After considering the rules concerning substitution of parties according to Fed. R. Civ. P. 15(c) as expressed by the Fifth and Seventh Circuit Courts of Appeal, the Louisiana Court held that

---

[22]Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989).

[23]Complaint [R. 1] at ¶ 1, pp. 2-3.

[24]434 So.2d 1083 (La. 1983).

the following four criteria must be met in order for relation back of claims against a substituted defendant to be proper:

> "(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading; (2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits; (3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; (4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed."[25]

Applying the above criteria to the instant case, the court finds that plaintiff's efforts to name Judge Drell and Magistrate Judge Shemwell constitute an improper use of fictitious defendants. Plaintiff's complaint was filed in late December of 2006 and demonstrated absolutely no meaningful description of any one of the one hundred John Doe defendants named therein. Moreover, plaintiff's complaint states no cause of action against Judge Drell or Magistrate Judge Shemwell because, at the time the suit was filed, these judicial officers were not in any way affiliated with the suit and, therefore, cannot reasonably be characterized as defendants against whom plaintiff had a cause of action, but whose identity he could not discern after diligent effort. Plaintiff's actions in attempting to substitute these new defendants for John Does seven (7) and eight (8) amount to an abuse of the form of pleading and are improper.

---

[25] Id. at 1085 (internal citations omitted).

6

### C.    Judicial Immunity

Plaintiff's pleadings before this court are replete with accusations of impropriety and conspiracy on the part of certain members of the federal judiciary.  Specifically, plaintiff bases his attempt to name Judge Drell and Magistrate Judge Shemwell on the adverse rulings dismissing all but one defendant to this suit, Margaret Johnson.

Members of the federal judiciary enjoy judicial immunity from both suit and damages resulting from "judicial actions."[26] Plaintiff's "claims" against Judge Drell and Magistrate Judge Shemwell clearly center around the adverse rulings and orders rendered by these judges, each judicial actions undertaken in their official capacities within the jurisdiction of the court.[27] Plaintiff's actions evidence his intent to continue naming judges as defendants upon receipt of an unfavorable ruling.  We find that this behavior is an abuse of pleadings which serves only to frustrate the orderly adjudication of plaintiff's suit.

Should plaintiff continue in the belief that certain members of our federal judiciary have undertaken behavior which is unethical or otherwise imprudent, he is encouraged to seek redress of his complaints using the mechanism provided by law.[28]  We will not, however, advance his frivolous pleadings here.

### D.    Recusal

Given the court's findings with respect to the propriety of Sisk's purported filings and the applicability of judicial immunity to plaintiff's claims, we also find that there is no just cause

---

[26]Mireles v. Waco, 502 U.S. 9 (1991).

[27]Id. at 11 - 12.

[28]See 28 U.S.C. § 372(c).

why Judge Drell or Magistrate Judge Shemwell should be recused from future proceedings in this case.

Alexandria, Louisiana
October 30 , 2007

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

8